UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Criminal No. 2:12-cr-20751

   Plaintiff,

             Honorable Robert H. Cleland

vs.

D-1, WILLIAM MICHAEL HOWARD,

   Defendant.
_____/

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, an Information was filed on or around April 24, 2013, which charged Defendant WILLIAM MICHAEL HOWARD ("Defendant") with one count, Possession of a Stolen Firearm pursuant to 18 U.S.C. § 922(j). The Information also sought criminal forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) of any firearm and ammunition involved in or used in the knowing commission of the offense. The Information identified the following firearm:

- **One (1) .22 caliber Arms Corporation of America revolver, bearing serial number: 20469**

(Hereafter the firearm is referred to as the "Subject Property").

WHEREAS, on April 24, 2013, Defendant pleaded guilty to Count One of the Information. As stated herein, Count One of the Information charged

1

Defendant with Possession of a Stolen Firearm pursuant to 18 U.S.C. § 922(j). As part of the Rule 11 plea agreement, Defendant agreed to forfeiture, pursuant to 18 U.S.C. § 924(d), of his interest in the Subject Property. (Docket # 23.)

WHEREAS, in the Rule 11 plea agreement, Defendant expressly waived his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure (Docket # 23.) Further, neither party requests that a jury be empaneled to determine the forfeitability of the foregoing property pursuant to Federal Rule of Criminal Procedure 32.2(b)(5).

WHEREAS, in the Rule 11 plea agreement, Defendant acknowledged that he understood that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waived any failure by the Court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

NOW, THEREFORE, based upon the Information, the Rule 11 plea agreement, the Application and other information in the record:

IT IS HEREBY ORDERED that Defendant forfeits to the United States any and all interest he may have in the Subject Property pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of

Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

Upon entry of this Order, the United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject

3

Property.

After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

  S/Robert H. Cleland  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:   August 22, 2013August 22, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date August 22, 2013August 22, 2013, by electronic and/or ordinary mail.

          S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522